## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

### UNITED STATES OF AMERICA

-vs-                                    CASE NO. 2:12-CR-140-MEF

### QUENTIN COLLICK AND
### DEATRICE SMITH WILLIAMS

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow

and apply in deciding this case. When I have finished you will go to the jury

room and begin your discussions—what we call your deliberations.

It will be your duty to decide whether the United States has proved

beyond a reasonable doubt the specific facts necessary to find each of the

Defendants guilty of the crimes charged in the indictment.

## The Duty to Follow Instructions and the Presumption of Innocence

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the either of the Defendants or the United States.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his or her innocence or produce any evidence at all. A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. Mr. Collick has elected not to testify, and, as I have just instructed, you cannot consider that in any way as to the charges brought against him. Ms. Williams, on the other hand, has elected to testify, and you can consider her testimony in light of my instruction on the credibility of witnesses generally, which I will address later. The United States must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendants not guilty.

2

## Definition of "Reasonable Doubt" ✓

The United States' burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The United States' proof only has to exclude any "reasonable doubt" concerning each of the Defendants' guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that both of the Defendants have been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the attorneys say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion

3

about any factual issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

4

To decide whether you believe any witness I suggest that you ask yourself a few questions:

Did the witness impress you as one who was telling the truth?

Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

## Identification Testimony

The United States must prove beyond a reasonable doubt that the Defendants were the persons who committed the crimes charged in the indictment.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate

5

the identification is. I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?
- How much time did the witness have to observe the person?
- How close was the witness?
- Did anything affect the witness's ability to see?
- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of a Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of that Defendant.

After examining all the evidence, if you have a reasonable doubt that a Defendant was the person who committed the crime, you must find that Defendant not guilty.

6

## Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction
### (Defendant with no Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since Ms. Williams did testify, you should decide whether you believe her testimony in the same way as that

7

of any other witness.

## Testimony of Accomplice or Co-Defendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the United States has made a plea agreement with an accomplice in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the accomplice would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the United States.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

8

## Confession or Statement of Multiple Defendants

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

Any such statement is not evidence about any other Defendant.

## Summaries and Charts Received in Evidence

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately relefect the underlying supporting evidence.  You should give them only such weight as you think they deserve.

## Note-Taking

You've been permitted to take notes during the trial.  Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the

evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about that testimony.

### Introduction to Offense Instructions

The indictment charges thirteen separate crimes, called counts, against the Defendants. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that, from in or about January 2011 until April 2012, the Defendants, Quentin Collick and Deatrice Williams, did unlawfully and knowingly agree, combine, and conspire with others and each other to defraud the United States by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims by filing and causing others to file the following false federal income tax returns in the names of third parties without the third parties' knowledge—specifically, a tax return in the name of M.A., filed on January 16, 2012, claiming a refund in the amount of $3,666.00; a tax return in the name of J.S., filed on January 16, 2012, claiming a refund in the amount of $3,427.00, and a tax return in the name of R.M., filed on January 17, 2012, claiming a refund in the amount of

10

$3,666.00—all in violation of Title 18, United States Code, Section 286.

Counts Two, Three, and Four charge that on or about February 21, 2012, Defendant Quentin Collick did steal, purloin, and knowingly convert to his own use and the use of another, money of the United States, namely, funds administered by the Department of the Treasury in the form of a federal tax refund in the names of the following individuals, and in the following amounts—a tax refund in the name of M.A., and in the amount of $3,666.00; a tax refund in the name of J.S., and in the amount of $3,427.00, and a tax refund in the name of R.M., and in the amount of $3,666.00—in violation of Title 18, United States Code, Section 641 and Title 18, United States Code, Section 2.

Counts Five, Six, and Seven charge that, on or about February 21, 2012, Defendant Quentin Collick did knowingly transfer, possess, or use the means of identification of another person without lawful authority during and in relation to the offense of theft of public money—that is, he knowingly used the name and Social Security number of an actual person—to commit the offense of theft of public money, in violation of Title 18, United States Code, Section 641, by obtaining the following income tax refunds: a tax refund in the name of M.A., and in the amount of $3,666.00; a tax refund in the name of

11

J.S., and in the amount of $3,427.00, and a tax refund in the name of R.M., and in the amount of $3,666.00, all this in violation of Title 18, United States Code 1028A(a)(1) and (c)(1).

Counts Eight, Nine, and Ten charge that, from at least March 2011 through about January 2012, Defendants Deatrice Williams and Quentin Collick, and others, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals, writings, and pictures, to wit, the following electronically filed false tax returns— specifically, a tax return in the name of M.A., filed on January 16, 2012, claiming a refund in the amount of $3,666.00; a tax return in the name of J.S., filed on January 16, 2012, claiming a refund in the amount of $3,427.00, and a tax return in the name of R.M., filed on January 17, 2012, claiming a refund in the amount of $3,666.00—in violation of Title 18, United States Code, Section 1343.

Counts Eleven, Twelve, and Thirteen charge that, on or before January 16 and 17, 2012, Defendant Deatrice Williams did knowingly transfer, possess, or use the means of identification of another person without lawful

authority during and in relation to the offense of wire fraud—that is, she knowingly provided the name, date of birth, and Social Security number of an actual person—to commit the offense of wire fraud in violation of Title 18, United States Code, Section 1343 by filing and causing to be filed by means of wire communication the following false federal income tax returns—a tax return in the name of M.A., filed on January 16, 2012, claiming a refund in the amount of $3,666.00; a tax return in the name of J.S., filed on January 16, 2012, claiming a refund in the amount of $3,427.00, and a tax return in the name of R.M., filed on January 17, 2012, claiming a refund in the amount of $3,666.00—all this in violation of Title 18, United States Code 1028A(a)(1) and (c)(5) and Title 18, United States Code, Section 2.

I will now explain the law governing conspiracy.

### Conspiracy to Defraud the Government
### with Respect to Claims
### 18 U.S.C. § 286

Count One charges Defendants Collick and Williams with Conspiracy to Defraud the Government with Respect to Claims in violation of Title 18, United States Code, Section 286.

Title 18, United States Code, Section 286 makes it a separate federal crime for anyone to conspire or agree with someone else to defraud the

United States by obtaining or helping to obtain the payment or allowance of any false or fraudulent claim.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The United States does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the United States does not have to prove that the conspirators succeeded in carrying out the plan.

A Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1)   two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2)   the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

(3)   the plan was to defraud the United States by obtaining the payment or allowance of a claim based on a false or fraudulent material fact.

A "material fact" is an important fact – not some unimportant or trivial

14

detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If either of the Defendants played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find that Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

I will now explain the law governing the substantive offenses.

### Theft of Government Money or Property
### 18 U.S.C. § 641 (First Paragraph)

Counts Two through Four charge the Defendant Quentin Collick with theft of public money, in violation of Title 18, United States Code, Section 641. It's a Federal crime to steal or convert any money or property belonging to the

15

United States and worth more than $1,000.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the money or property described in the indictment belonged to the United States;

(2)     the Defendant stole or knowingly converted the money or property to his own use or to someone else's use;

(3)     the Defendant knowingly and willfully intended to deprive the owner of the use or benefit of the money or property; and

(4)     the money or property had a value greater than $1,000.

It doesn't matter whether the Defendant knew that the United States owned the property. But it must be proved beyond a reasonable doubt that the United States did in fact own the money or property, that the Defendant knowingly stole or converted it, and that the value was greater than $1,000.

To "steal" or "convert" means to wrongfully or intentionally take the money or property belonging to someone else with the intent to deprive the owner of its use or benefit permanently or temporarily.

16

**Wire Fraud**
**18 U.S.C. § 1343**

Counts Eight through Ten charge Defendants Quentin Collick and Deatrice Williams with committing wire fraud by participating in a scheme to obtain money from the United States through the electronic filing of false tax returns, in violation of Title 18, United States Code, Section 1343. It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt as to him or her:

(1) the Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action

17

intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The United States does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or

18

exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## Aggravated Identity Theft
## 18 U.S.C. § 1028A(a)(1)

Counts Five through Seven charge Defendant Quentin Collick with aggravated identity theft. Counts Eleven through Thirteen charge Defendant Deatrice Williams with aggravated identity theft. Title 18, United States Code, Section 1028A provides for an enhanced penalty when anyone commits aggravated identity theft during and in relation to other certain specified felony offenses.

A Defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt:

 (1) the Defendant knowingly transferred, possessed, or used another person's means of identification;

19

(2)   without lawful authority;

(3)   during and in relation to the eligible felonies alleged in the indictment as to each defendant. For instance, for Quentin Collick, theft of public money, and for Deatrice Williams, wire fraud.

The United States must prove that the Defendants knowingly transferred, possessed, or used another person's identity "without lawful authority." The United States does not have to prove that the Defendants stole the means of identification, only that there was no legal authority for the Defendants to transfer, possess, or use them.

The United States must prove that the Defendants knew that the identification, in fact, belonged to another actual person, not a fictitious person.

## Aiding and Abetting; Agency
## 18 U.S.C. § 2

The Indictment in this case charges the Defendants with aiding and abetting certain offenses. In Counts Two through Four, Quentin Collick is charged with aiding and abetting the Theft of Public Money, in violation of 18 U.S.C. § 641. In Counts Eleven through Thirteen, Deatrice Williams is charged with aiding and abetting the offense of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

20

It's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged. Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime. A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendants were willful participants and not merely knowing spectators.

## On or About/Knowingly/Willfully

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The United States doesn't have to prove that the crimes occurred on an exact date. The United States only has to prove

21

beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

## Conjunctive Charging

Where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of those means. In other words, where the word "and" is used in the indictment to charge a defendant with different means by which the crime was committed, the United States need only prove one of those means beyond a reasonable doubt, although you must all agree on which means was proved beyond a reasonable doubt.

22

## Caution: Punishment
## (Multiple Defendants, Multiple Counts)

Each count of the indictment charges a separate crime against one or both of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or the other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## Theory of Defense Instruction

It is the Defendant Deatrice Williams's Theory of Defense that she did not act with any bad purpose to disobey or disregard the law. In other words, she did not act intentionally or knowingly as that term has been defined to you.

If the evidence you have heard in support of the Defendant Deatrice

Williams's Theory of Defense creates in your mind a reasonable doubt of her guilt, then, as a matter of law, you must find her not guilty.

It is the Defendant Quentin Collick's Theory of Defense that he was not the person who was involved in the processing of tax returns, the cashing of the checks, or the processing of the identities the United States has asserted in this case, and that the United States has failed to establish the identity of Mr. Collick in these offenses.

If the evidence you have heard in support of the Defendant Quentin Collick's Theory of Defense creates in your mind a reasonable doubt of his guilt, then, as a matter of law, you must find him not guilty.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest

24

beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

Two verdict forms have been prepared for your convenience.

[Explain verdict]

Take the verdict forms with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the forms, sign them, date them, and carry them. Then you'll return them to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

DONE this the 27th day of June, 2013.

UNITED STATES DISTRICT JUDGE